## APE POUTOA, SISIGAFU'A and ELISE APE, Plaintiffs

### v.

## AMERICAN SAMOA GOVERNMENT, and SEFO PASENE, Defendants

High Court of American Samoa
Trial Division

CA No. 99-92

December 29, 1993

Before KRUSE, Chief Justice, TAUANU'U, Chief Associate Judge.

Counsel: For Plaintiffs, Afoafouvale L. S. Lutu
For Defendant American Samoa Government, Elvis R.
P. Patea, Assistant Attorney General

Order on Motion to Amend Pleadings, Add Parties, and Cross-Claim:

Defendant American Samoa Government seeks to amend its answer under T.C.R.C.P. 15(a) and to file a cross-claim and third-party complaint under T.C.R.C.P. 13(g)-(h) and 14(a), respectively.

The procedural posture of this case is as follows: On July 16, 1992, pursuant to A.S.C.A. §43.1205, plaintiffs filed their administrative claim with the Attorney General for damages allegedly arising from an automobile accident involving a government vehicle. On October 9, 1992, the Attorney General denied the claim on the basis that "the driver of the vehicle involved was not acting within the scope of his employment."[1] On October 14, 1992, plaintiffs filed an action pursuant to the provisions of the Government Tort Liability Act, A.S.C.A. §

---

[1] A.S.C.A. § 42.1211 provides a remedy against the government for damages owing to death and personal and property injury caused by the negligence of any government employee "while acting within the scope of his office or employment."

106

43.1211. On November 3, 1992, the government filed its answer admitting, *inter alia*, employment of the driver, co-defendant Pasene Sefo, but again denying liability on the grounds that the driver was not acting within the scope of his employment at the time of the alleged injury. Trial in this matter was subsequently set for October 25, 1993.

Less than a week before trial, the government requested an expedited hearing on its motion to amend its answer to deny the existence of an employer/employee relationship between the government and the co-defendant Pasene Sefo. The grounds for the motion were simply that information to that effect had just come to counsel's attention. We denied the government's motion to amend and sustained plaintiffs' objection of prejudice.

The matter then came up regularly for trial on October 25, 1993; however, plaintiffs at that time moved for a continuance on the grounds that one of their witnesses was stranded off-island because of airline delays. As the continuance request was not opposed by the government, it was granted, and trial was rescheduled for February 3, 1994. At the same time, the court indicated to the counsel that it was amenable to revisiting the government's previously-denied motion to amend its answer, since prejudice to plaintiffs was no longer as compelling in the light of the continuance of trial.

On December 1, 1993, the government filed its second motion to amend its answer. This time, it further sought leave to file a cross-claim against the co-defendant Pasene Sefo and to add third-party defendants. In his supporting affidavit, counsel alluded to his subsequent receipt of "conflicting information" which suggests that the co-defendant may have been government-hired but that his hiring by the third-parties sought to be joined was illegal. In the event that the co-defendant is found to be an employee of the government, counsel further avers to issues of contribution and indemnification by the co-defendant's immigration sponsor (which, in turn, gives rise to the issue of whether a judgment against the government as a result of an alien worker's negligence is a "public debt," for which the sponsor is liable, within the contemplation of A.S.C.A. § 41.0408(e) of the immigration code).

Plaintiffs again object to the government's attempt to retract its admission of employment and its new-found desire to bring in third parties to the lawsuit. They contend that the government has been tardy in sorting out its position and argue undue prejudice and delay if the government's motion is granted. Plaintiffs further point out that the government has

failed throughout to explain why it did not earlier raise its new-found concerns.

## DISCUSSION

■ T.C.R.C.P. 15(a) declares that leave to amend "shall be freely given when justice so requires." The Supreme Court, in discussing Rule 15(a)'s federal counterpart, has cautioned that

> this mandate is to be heeded . . . . If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court . . . .

*Foman v. Davis*, 371 U.S. 178, 182, 9 L. Ed. 2d 222, 226 (1962) (citing 3 MOORE'S FEDERAL PRACTICE ¶¶ 15.08, 15.10 (2d ed. 1948)). While the bias then is in favor of testing each party's case on the strength of its merits, the liberal amendment policy of Rule 15(a) is not without limits.

For the following reasons we deny the motion. As noted above, the government had, until a few weeks ago, conceded the issue of employment which it now seeks to litigate. Plaintiffs' discovery and trial preparation, on the other hand, has proceeded on the basis that the co-defendant's employment status was not at issue. Thus, plaintiffs would not have needed to explore the possibility of alternative theories of liability. At the same time, the government has given nothing in the way of a justifiable explanation, although it is evident from its supporting affidavits that the proposed amendment is based on readily available information from the personnel records at the Department of Human Resources, as well as from depositions of the former director of Education and the former principal of the government's Vocational Technical School, whom the government now belatedly seek to join as third-party defendants. Additionally, as pointed out by plaintiffs, the

108

government has taken more than a month to renew its motion to amend subsequent to the court's statement in October about revisiting the issue of prejudice. The concern again expressed by plaintiffs' counsel is that the trial date of February 3, 1994, is once again upon him.

We conclude that the motion to amend ought to be denied. First, the delay in the bringing of this motion is both undue and inexcusable. It is also quite apparent, in view of the "conflicting" information received by counsel after the hearing on the initial motion to amend, that the government is still, at this late stage of the proceedings, sorting out its position on the issue of employment.[2] Second, and more significantly, the government's proposed change in tactics and theory would, in our view, result in undue difficulty to plaintiffs' prosecution of their lawsuit. Finally, the government's new-found concerns about contribution and indemnification may be subsequently addressed in a separate proceeding. Under the circumstances, it would not, in our view, be consistent with the interests of justice to allow the requested amendments at this stage of the proceedings. The motion is therefore denied.

It is so ordered.

---

[2] In the earlier motion, the position taken by the government was that the co-defendant was not a government employee; however, the government's position now seems to be somewhere between its initial admission and its recent attempt to flatly deny employment. Consequently, the government now seeks to litigate issues collateral to plaintiffs' suit relating to indemnification and contribution.